14-1127-cv
*Anghel v. Ruskin Moscou Faltischek, P.C.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand fifteen.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> RICHARD K. EATON,
> > *Judge*.*

_____

MARIA-LUCIA ANGHEL, M.D.,

> *Plaintiff-Appellant*,

- v. -                                                              No. 14-1127-cv

RUSKIN MOSCOU FALTISCHEK, P.C., DOUGLAS JAY GOOD, ALEXANDER G. BATEMAN, JR.,

> *Defendants-Appellees*.

_____

> Theodore P. Kaplan, New York, NY, *for Plaintiff-Appellant*.

> Matthew J. Bizzaro and Marian C. Rice, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, *for Defendants-Appellees*.

_____

\* The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

According to the complaint in this action, plaintiff-appellant Maria-Lucia Anghel ("plaintiff") was a physician in private practice until 2009. In 2008, she hired defendants-appellees Ruskin Moscou Faltischek, P.C., Douglas Jay Good, and Alexander G. Bateman, Jr. ("defendants") to represent her in a professional disciplinary action brought against her by New York's Board of Professional Medical Conduct in light of complaints that she had overbilled a health insurance company. In 2009, plaintiff's medical license was revoked, in part because she was found to have violated the Clinical Laboratory Improvement Amendments of 1988 ("CLIA"), 42 U.S.C. § 263a, and certain regulations promulgated thereunder by the Department of Health and Human Services. On January 6, 2014, plaintiff sued defendants in the United States District Court for the Southern District of New York, invoking federal question jurisdiction but advancing only state law claims for legal malpractice, breach of contract, violations of New York Judiciary Law § 487, and breach of fiduciary duty. A week after the complaint was filed, the district court (Kaplan, *Judge*) issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. After plaintiff filed a memorandum of law in response to the order, the district court dismissed the case for lack of jurisdiction on March 10, 2014. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review the dismissal of a complaint for lack of subject matter jurisdiction *de novo*. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32 (2d Cir. 2010). "[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte* at any time." *Mastafa v. Chevron Corp.*, 770 F.3d 170, 187 (2d Cir. 2014) (quoting *Transatlantic Marine Claims Agency v. Ace Shipping*

2

*Corp.*, 109 F.3d 105, 107 (2d Cir. 1997)) (internal quotation mark omitted). A district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law only if federal law creates the plaintiff's cause of action or if the plaintiff advances a state law claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 314 (2005); *see also Gunn v. Minton*, 133 S. Ct. 1059, 1064-65 (2013).

Here, federal law undisputedly does not create plaintiff's causes of action, but plaintiff argues that her state law claims necessarily raise a disputed and substantial issue of federal law sufficient to support federal question jurisdiction. Plaintiff points to the allegation in her complaint that defendants committed malpractice by failing to argue in the disciplinary proceeding that 42 U.S.C. § 263a(h), which grants the Secretary of Health and Human Services authority to impose penalties for CLIA violations, precludes the states from revoking a physician's medical license as a penalty for such a violation. In order to determine whether defendants committed malpractice, plaintiff urges, the district court would be required to determine whether her interpretation of that statutory provision is correct. The district court held that this particular allegation was insufficient to establish jurisdiction because plaintiff's complaint advanced a number of other reasons why defendants committed malpractice, and if any of those theories proved correct, "the question of their handling of any CLIA claims would be entirely immaterial." J.A. 27-28.

We agree with the district court. "Where a federal issue is present as only one of multiple theories that could support a particular claim," we have previously said, "this is insufficient to create

3

federal jurisdiction." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) (citing

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 807-09, 811-13 (1988)). Plaintiff's

CLIA argument is but one theory in support of her broader claim that defendants committed

malpractice, and it is therefore insufficient to support federal question jurisdiction. But in any event,

plaintiff's argument under the CLIA was not "substantial" in the sense required by *Grable* and

*Gunn*.

We have reviewed plaintiff's remaining contentions and find them to be without merit. For

the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4